## Dumont, Roberts & Company, Appellee, v. Alfred L. McDougal et al., Appellants.

### Gen. No. 6,293.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill in equity by Dumont, Roberts & Company, complainant, against Alfred L. McDougal *et al.*, defendants, to foreclose an equitable lien. From a decree in favor of the complainant, defendants appeal.

Alfred L. McDougal, being indebted to the complainant on a promissory note, in order to prevent immediate steps to collect it executed to the complainant an assignment of all interests which might thereafter accrue to him as heir, legatee or devisee of his father. Subsequently he was discharged in bankruptcy, having listed the note among his liabilities, but the complainant did not prove it against the estate. After the death of McDougal's father, leaving him various legacies and devising property to him, some of which consisted of contingent interests, complainant filed a bill to enforce the lien. At the time of entry of the decree, all the property had become vested.

I. C. Pinkney and Tichenor, Todd & Wilson, for appellants.

Vail, Miller & Pogue, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

## Abstract of the Decision.

1. ASSIGNMENTS, § 4*—*when estates in expectancy may be assigned.* Estates in expectancy may be assigned and assignments thereof will be enforced in equity when such estates become vested, and this is so though such expectancy is made contingent by the provisions of a will.

2. BANKRUPTCY, § 58*—*what is effect of discharge.* The discharge in bankruptcy of the assignor of an estate in expectancy, subsequent to the assignment, will not defeat the right of the assignee to enforce in equity the lien created by such assignment.