(No. 23775.—

Sadie M. Vock, Appellant, *vs.* Nicholas Vock, Appellee.

*Opinion filed February 18, 1937.*

Sim T. Mee, and I. L. Weaver, for appellant.

Sheldon & Brown, and Ward, Ward & Scheineman, for appellee.

Mr. Justice Jones delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Whiteside county. Sadie M. Vock and Nicholas Vock were married in 1920 and separated in 1927. At the time of their separation they entered into a post-nuptial contract under the terms of which the husband paid the wife $5000 in cash for a release of all her rights in his property and from all obligation of future support. He too released all his interests in her property and the parties mutually agreed to live separate and apart. Shortly thereafter, out of the money so received, she purchased a home in which she has continued to reside. It cost about $4500.

In 1935, Sadie M. Vock, appellant here, filed the complaint in this proceeding in which she alleged she had entered into said contract, but that it was void as against public policy, and that the $5000 she received had been consumed in her support. She prayed that the contract be declared null and void and that she be given a decree for separate maintenance. The answer and counter-claim of the husband conceded the illegality of the post-nuptial contract, but asserted that plaintiff should not be afforded any relief without returning to him the money he had paid her or, in the alternative, that she be compelled to convey to him the property she purchased. The circuit court found

that the wife was not entitled to separate maintenance and she was ordered to convey the premises to her husband.

The contract was against public policy and was illegal. (*Van Koten* v. *Van Koten,* 323 Ill. 323; *Lyons* v. *Schanbacher,* 316 id. 569.) But this fact, of itself, constitutes no basis for the allowance of separate maintenance. The husband is liable for the necessary support of his wife throughout the continuance of the marital relationship. However, an allowance of separate maintenance, under the statute, can be made to her only in a case where the separation is without her fault. (State Bar Stat. 1935, chap. 68, par. 22; Smith-Hurd Stat. 1935, chap. 68, par. 22.) If she voluntarily consents to the separation she is not without fault within the meaning of the statute. (*Bielby* v. *Bielby,* 333 Ill. 478; *Hoffman* v. *Hoffman,* 316 id. 204; *Johnson* v. *Johnson,* 125 id. 510.) Mrs. Vock did not bring herself within the terms of the statute and the decree denying her separate maintenance was, therefore, not erroneous.

The order requiring appellant to convey her home to her husband was erroneous. The validity of contracts between a husband and wife is determined in the same manner as other contracts. Actions to set aside such agreements rest on and are governed by the same principles as similar actions affecting other contracts. (13 R. C. L. Contracts, sec. 392; 30 Corpus Juris, 1069, Husband and Wife, sec. 855.) The $5000 paid plaintiff by defendant was not only for a release of her rights in his property, but for the release of his obligation to provide for her support. The invalid provision is inseparable from any other provision of the contract and was so material a consideration that it renders the entire contract invalid, under the long established rule that if any part of the entire consideration for a contract is illegal, the whole contract is void. That which is bad destroys that which is good and both perish together. *Lyons* v. *Schanbacher, supra; First National Bank* v. *Miller,* 235 Ill. 135; *Douthart* v. *Congdon,* 197 id. 349.

It is a rule of equity that where a contract is illegal or against public policy, a court of equity will not, at the suit of one of the parties who participates in the illegal or immoral intent, either compel the execution of the agreement or set it aside after it has been executed, because to give relief in such a case would injure and counteract public morals. The application of this rule is not in the interest of any party to the illegal or immoral transaction but is in the interest of the public. *Mitchell* v. *Clem,* 295 Ill. 150; *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Mathers,* 71 id. 592; *Craft* v. *McConoughy,* 79 id. 346.

No fraud or overreaching is alleged or proved by the plaintiff. Cases in which it is announced that where a contract is sought to be rescinded on the ground of fraud, the plaintiff must restore what has been received under it, have no application to the facts in this case. The contract shows that the parties separated by mutual consent, which implies they were equally at fault. The law is that where the parties are *in pari delicto* no affirmative relief of any kind will be given to one against the other. The only equitable remedy which they can obtain is such as is purely defensive. If a contract is illegal affirmative relief against it will not be granted unless the contract remains executory, or unless the parties are considered not in equal fault, as where the law violated is intended for the coercion of the one party and the protection of the other, or where there has been fraud or oppression on the part of the defendant. When the parties are *in pari delicto* and the contract has been executed on the part of one of them by the conveyance of property or the payment of money, neither party can recover anything paid under the contract. (*Mitchell* v. *Clem, supra; Flack* v. *Warner,* 278 Ill. 368; *Boddie* v. *Brewer & Hoffman Brewing Co.* 204 id. 352; *Samuels* v. *Oliver,* 130 id. 73; *Miller* v. *Davidson,* 3 Gilm. 518; *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Terre Haute and Indianapolis Railway Co.* 145 U. S. 393, 36 L. ed. 748; *Camp* v. *Ætna Ins. Co.* 170 Ga. 46, 152

S. E. 41.) The parties, being *in pari delicto*, defendant is not entitled to a conveyance of the property purchased by plaintiff out of the money paid to her under the contract.

The defendant, appellee here, claims that no defense was interposed to the counter-claim and that it should therefore be taken as confessed. The counter-claim did not set up any new matter. It denied plaintiff's allegation that she had expended the money in her support and alleged its investment in the property. This court will not afford a party relief under an agreement confessedly void as against public policy, even though the question is not raised by an adversary.

Inasmuch as plaintiff is not entitled to any relief under her bill, the chancellor did not err in refusing to assess the costs against defendant.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the complaint and the counter-claim.

*Reversed and remanded, with directions.*