(No. 23397.—

LENA BERGE, Appellee, *vs.* FRED BERGE *et al.* Appellants.

*Opinion filed April 16, 1937—Rehearing denied June 2, 1937.*

SHELDON & BROWN, and ROBERT W. BESSE, for appellants.

H. J. FOLKERS, and C. H. WOODBURN, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

Fred Berge and Lena Berge were married December 21, 1893. By reason of unhappy differences which arose between them, they separated and thereafter, on October 23, 1928, executed and delivered a written instrument in which he was named as first party and she as second party. It stated that in consideration of Berge conveying to his wife certain property in the city of Sterling and delivering to her a note for $1500 signed by his son, she agreed to, and did by said document, relinquish, convey and quit-claim to her husband, subject to certain provisions herein-

after mentioned, any and all right, title and interest which she had in a certain 160-acre farm then under contract of sale to William J. Frank. The contract with Frank was made February 26, 1920. By it Frank agreed to purchase the farm for $30,000, paying $1500 cash on the execution of the contract, promising to pay $1000 on or before March 1, 1922, and $27,500 on March 1, 1932. Berge and his wife executed a deed conveying the premises to Frank and, in conformity with their contract with him, deposited the deed in escrow with appellant Sheldon to be delivered when Frank had completed his payments.

The contract of October 23, 1928, by which the wife purported to convey to her husband all her title in the quarter section, contained this limitation: "Except that said second party shall receive from the said first party annually, payable on the first day of March of each and every year, beginning March 1, 1929, the sum of $600, said payments to be made to said second party during her natural life, out of the income of said farm." These annual payments were made for the years 1929, 1930 and 1931.

Frank defaulted his contract. On June 9, 1932, Frank and Berge reached an adjustment of their respective rights and responsibilities under the contract between them. By this settlement the deed held in escrow by Sheldon was, at Berge's direction, delivered to Frank, and Frank and his wife in turn made their deed conveying the farm to Sheldon. It is admitted by Berge and Sheldon that Sheldon took title to the land simply as trustee for Berge. After the conveyance to Sheldon, Berge claimed that he no longer owned the farm, had received no rents, and therefore owed his wife nothing, and refused to make the payment due her on March 1, 1932.

On September 20, 1932, Mrs. Berge filed her bill in the circuit court of Whiteside county against her husband and Sheldon. The relief asked was (1) a money decree against Berge for the amount then claimed due her; (2) the deed

which she and her husband executed to Frank in 1920 and placed in escrow with Sheldon together with Frank's deed to Sheldon each be cancelled of record; (3) the title to the farm be decreed to be in her husband subject to her rights therein; and (4) her claim for $600 annually under the 1928 contract, be decreed a lien on the land. The cause was referred to a master who took the evidence and recommended that a decree be entered in accordance with the prayer of the bill, with the exception that he found there was no personal liability on the part of Berge to pay the $600 annuity, but that it was payable out of the rents. He disallowed the complainant solicitor's fees and certain expenses which she claimed. The trial court sustained the master's report and entered a decree for the complainant.

The agreement between Berge and wife contained, among further provisions, the following: "That the parties will live apart and neither will remarry unless they agree to vacate this agreement; that neither will molest the other; that Lena shall not contract any debt for which Fred shall be liable, and neither she nor any other person or persons on her behalf or with her authority, consent or procurement, shall or will institute any suit or civil process or proceedings whatever against the said husband, either for separate maintenance, alimony or support, it being hereby expressly understood and agreed that the aforesaid conveyances by the parties shall be in lieu of all rights of said parties hereto," etc.

The validity of the contract was not questioned in the trial court. The defendant here challenges its legality, urging that the effect of the contract was to relieve the husband of his obligation to support his wife and is therefore against public policy. The question is immediately presented whether, not having made that issue in the circuit court, the defendant has waived the right to now make such defense. Where it appears that the contract sought to be enforced is against public policy its validity is not

waived by failure to plead it. (*Leeds* v. *Townsend,* 228 Ill. 451; *Cansler* v. *Penland,* 125 N. C. 578, 34 S. E. 683, 48 L. R. A. 441; *Fuqua* v. *Pabst Brewing Co.* 90 Tex. 298, 38 S. W. 750, 35 L. R. A. 241; *Jacobson* v. *Bentzler,* 127 Wis. 566, 107 N. E. 7, 4 L. R. A. (n. s.) 1151.) The defendant is not estopped from attacking the validity of the contract.

The right of a husband and wife to contract between themselves has long been recognized in this State. (*Seuss* v. *Schukat,* 358 Ill. 27; *Kohler* v. *Kohler,* 316 id. 33; *French* v. *French,* 302 id. 152; *Shankland* v. *Shankland,* 301 id. 524.) But the contract may not be against the public policy of the State. It is obvious that it was the intention of the parties, by their writing, to go beyond the settlement of their property rights and that they contemplated an agreement which discharged the husband from his legal duty to support his wife. She undertook to bind herself not to bring, or permit to be brought, any proceedings against her husband to enforce such legal duty. Such release on her part was clearly a material consideration for the making of the instrument. Husband and wife may not make a contract by which an essential condition thereof is, that the wife discharges her husband from his legal obligation to maintain her. Such contracts are against public policy. (*Vock* v. *Vock,* 365 Ill. 432; *VanKoten* v. *VanKoten,* 323 id. 323; *Lyons* v. *Schanbacher,* 316 id. 569.) The contract before us is void. It being void as against public policy, it is unenforcible. *Redmond* v. *Gillis,* 346 Ill. 223; *Hall* v. *Woods,* 325 id. 114; *Hamilton* v. *Hamilton,* 89 id. 349.

The decree of the circuit court of Whiteside county is reversed and the cause is remanded, with directions to the circuit court to dismiss the complainant's bill for want of equity.

*Reversed and remanded, with directions.*