The Maccabees (A Fraternal Benefit Association) v. Harry C. Stone et al., Appellants. Etta Meisser, Appellee.

Gen. No. 9,565.

Opinion filed August 8, 1940.

F. B. BRIAN, of Toulon, D. W. EVANS and W. W. DUNN, both of Peoria, and J. E. RICHARDS, for appellants.

JACK RAUCH and HUNTER, KAVANAGH and McLAUGH-
LIN, all of Peoria, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the
court.

This is a bill of interpleader filed by the Maccabees,
a fraternal benefit association, directed against appellee
and appellants. The suit has to do with the disposition
of the proceeds of a certain benefit certificate held by
John A. Warner in the association, at the time of his
death. Appellee is a sister of the deceased, and appel-
lants are the trustees of the John C. Proctor Endow-
ment.

Appellants as trustees of the Proctor Endowment,
maintain a home for the aged, pursuant to the will of
John C. Proctor, wherein he provided for the establish-
ment and operation of such a home as a charity for the
poor and aged of the city of Peoria.

On or about November 6, 1926, Mr. John A. Warner
and his wife, became inmates of this home. Prior to
their entrance, they were required to make application
therefor upon the blanks as used by appellants, and to
execute an entrance contract upon the printed forms
used by appellants. They were each required to de-
posit with appellants, the sum of $550.

Mr. Warner had a benefit certificate in the Maccabees.
His application for admittance to the home, discloses
this policy as being in the principal amount of $1,000.
Mrs. Warner was named as beneficiary. She pre-
deceased the insured. No change was made with re-
spect to the beneficiary following her death. Mr.
Warner died on November 29, 1938, with the policy in
force.

Neither the policy nor the bylaws of the benefit as-
sociation are before us. However, that section of the
bylaws providing for the payment of death benefits in
case of the death of the beneficiary prior to the insured,
does appear. It is upon this provision of the bylaws

that appellants base their claim for recovery. The pertinent portion of that provision is as follows: "Sec. 347. Death of All Beneficiaries.—In the event of the death of all beneficiaries named in a certificate before or at the time of death of the member, if no other designation has been made, the benefits shall be paid first to the widow or widower, if living; if no widow or widower, to the children, including adopted children; if no children, benefits shall be paid in the following order: Dependent or dependents, person or persons upon whom the member is dependent, mother, father, adopting parents, sister, and brother, grandparents, grandchildren."

The question to be determined herein is, to whom the benefits shall go as between appellants and appellee Etta Meisser, a sister of the deceased.

Pursuant to the terms of the entrance agreement, it was provided that Mr. Warner should turn over and transfer by proper instruments of conveyance, all property of every kind which he might after acquire. It was also provided in the entrance contract that appellants might discharge or expel the inmate at any time, without assigning any reason or cause therefor. In this suit appellants urge that the entrance agreement did not constitute a legal contract and was void in the first instance. They urge two reasons in support of this contention: First, that they were not bound by the provisions of the contract to perform any duties toward Mr. Warner; that they had the right to discharge or expel him at any time without assigning any cause or reason therefor; that the instrument was therefore lacking in mutuality; that the purported contract was nothing more than a disciplinary agreement with an additional requirement of a small payment in order to perpetuate and continue the cause of charity; they next urge that assuming it was in part a legal contract, yet the provision that the inmate should turn over and con-

vey to them all after acquired property, would render such contract void, as against public policy. They cite in this respect Elliott on Contracts, vol. 2, sec. 782, p. 123, where it is stated, "A contract by which one entering a home for aged men agreed that should he by devise, legacy or otherwise, become the owner of any property whatever, the home should have the same, has been declared against public policy." In support of this statement, the author cites the case of *Baltimore Humane Impartial Soc. & Aged Women's & Aged Men's Homes v. Pierce*, 100 Md. 520, 60 Atl. 277, 70 L. R. A. 485. We shall refer to this case later.

It is the position of appellants, that since the entrance contract was void, they are entitled to the benefits of the policy under the classification of, "person or persons upon whom the member is dependent," as provided by sec. 347, of the bylaws of the association.

With reference to the question of lack of mutuality in the contract, appellee replies, that a contract lacking in mutuality, when fully performed by the parties, loses its defective character, and becomes mutual by the performance of the parties to it. The general rule is that want of mutuality is no defense where the contract is executed. *Plumb v. Campbell*, 129 Ill. 101, 107; 17 C. J. S. 448, sec. 100 (c). With respect to the claim of appellants that the contract is contrary to public policy, appellee replies that after the same had been fully performed, neither of the parties could invoke the aid of a court to undo it. In this respect appellee cites Black on Recission and Cancellation, 2nd ed. Under the subject of contracts contrary to public policy, in the 1st ed. vol. 1, par. 322, p. 819, it is stated, "After such a contract has been fully executed, neither of the parties can invoke the aid of the courts to undo it or cancel the instruments in which it is embodied, because, both parties being equally implicated in the illegal transaction, the courts will leave them where they stand, helping

neither.'' The text cites *Baehr v. Wolf,* 59 Ill. 470. To this reference might be added, *Parsons v. Ely,* 45 Ill. 232, 245; *Vock v. Vock,* 365 Ill. 432; 17 C. J. S. 656, sec. 272.

Mr. Warner left no widow, no children, and no dependents. Under such circumstances, it is provided by the foregoing section of the bylaws that the benefits shall be paid to the, ''person or persons upon whom the member is dependent, mother, father, adopting parents, sister, and brother, grandparents, grandchildren.'' As above stated, it is the position of appellants that they are entitled to the benefits, under that classification of the above provision expressed by the words ''person or persons upon whom the member is dependent.'' This classification preceding that of ''sister,'' appellants therefore urge a prior right to the benefits to that of appellee.

This brings us to a consideration of the question, whether the relationship of dependency existed between the inmate and appellants, so as to bring them within the scope of the above classification.

Assuming the entrance contract was void as urged by appellants, then they were under no legal obligation to keep Mr. Warner or to render to him any services of the nature rendered. Under such circumstances, appellants cannot contend that the maintenance and assistance furnished Mr. Warner was by virtue of any obligation upon their part, legal, moral or otherwise. Therefore, whatever maintenance and assistance was so rendered, must be considered as purely voluntary, based upon charitable motives, and for purely charitable purposes, pursuant to the trust created by Mr. Proctor. We are unable to determine whether the bylaws of the association attempt to define of what the state of dependency shall consist, with respect to the above provision. Hence, we must assume that it shall be a legal dependency, as the same is contemplated by

statute, and the term as there used does not include means of support which are furnished, purely voluntarily. *Royal League v. Shields,* 251 Ill. 250, 254, 255; *Women's Catholic Order of Foresters v. Heffernan,* 283 Ill. 429, 436, 437. It is obvious that unless the maintenance and assistance rendered by appellants was by virtue of the entrance contract, then it was rendered as voluntary charity, without any legal or moral obligation so to do. As we have above seen, charity voluntarily bestowed, without any legal or moral obligation, does not create a relationship of dependency, within the meaning of the statute.

Appellee urges that the entrance contract was not void, citing in this respect, *Sisters of Third Order of St. Francis v. Guillaume,* 222 Ill. App. 543; *Zeigler v. Illinois Trust & Savings Bank,* 245 Ill. 180; *Fidelity Union Trust Co. v. Reeves,* 98 N. J. Eq. 412, 125 Atl. 582, 129 Atl. 922. We shall refer to this case later.

We do not consider the occasion exists in this appeal calling for a determination of the validity of the entrance contract, for two reasons: First, appellants do not seek a recovery of the benefits by virtue of such instrument; and second, we are not of the opinion that the benefits now due under the policy can be considered as after-acquired property by Mr. Warner, as they did not accrue until after his death, and cannot be considered as having inured to his benefit. Hence, we do not consider them as coming into his possession within the terms of the entrance contract, as after-acquired property, because, that provision expressly recognizes that such property must come into the actual possession of the inmate, as it provides for the conveyance thereof by such inmate to appellants, by due and proper instruments of conveyance.

The case of *Baltimore Humane v. Pierce, supra,* cited by appellants in support of their contention that the contract was void for public policy, because it under-

took to bind the inmate to convey to appellants all after-acquired property, does so hold. However, that action was one at law, where assignments of possibilities are not recognized. A different rule obtains in equity. *Thornton v. Louch,* 297 Ill. 204, 210; *Dumont, Roberts & Co. v. McDougal,* 200 Ill. App. 583. Other Illinois cases to the same effect will be found in the annotations in 17 A. L. R. 601, where it is stated that it is well established that a person may make transfer of an expectancy which will be enforcible in equity. This distinction is well drawn in the case of *Fidelity Union Trust Co. v. Reeves, supra.* In that case the entrance contract contained a provision on the part of the inmate that she would turn over and convey to the home all after-acquired property. Shortly prior to her death, she became possessed of an estate by inheritance. Following her death, a suit in equity was instituted by the trust company, to have determined to whom it should pay over the money in its possession, as between the home and the next of kin of the deceased inmate. There, the next of kin claimed the contract void for the same reasons appellants here urge. The fund was ordered paid to the Home. However, it will be observed that the inmate became possessed of the estate during her lifetime.

We find nothing in this contract which appears to be prejudicial to the public welfare, sound morality, civic honesty, or such as to be considered as working a fraud upon Mr. Warner. The home agreed that in case it expelled him, and he had paid to it a sum of money in excess of the per capita cost of keeping him, to return any balance due. The purpose and tendency of the contract are wholesome. Mr. Warner and his wife were aged people who desired to live the balance of their lives in the private seclusion of the home maintained by appellants, free from the searing and wrinkling care of economic worry. Needing the attention that comes with advanced years, they sought the bene-

fits and care of this home. Here they both lived until their death.

Under the circumstances existing in this case, we are of the opinion that the bylaws of the association must control as to the disposition of the benefits. We are not of the opinion that appellants can be classified in the designation of "person or persons upon whom the member is dependent," because it is apparent that appellants must be considered as having rendered the services either by virtue of the contract, or as voluntary charity. We see no relief that can be granted appellants in this case.

The decree of the trial court is affirmed.

*Decree affirmed.*