Jessie Sibert et al., Appellants, v. William T. Suhy, Administrator of Estate of Viola Suhy, Deceased, Appellee.

Gen. No. 9,333.

the September term, 1941.                    Heard in this court at
                                             Opinion filed June 12,
1942.

BELLATTI, ARNOLD & BELLATTI, of Jacksonville, for appellants.

VAUGHT, FOREMAN & CLEARY, of Jacksonville, for appellee.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

This appeal involves the correct interpretation and legal effect of a certain contract entered into by Viola Suhy, now deceased, and her husband William T. Suhy. The preamble of this contract recites that, "Whereas

the parties desire to effect and adjust their mutual property and other rights and the party of the second part desires to make suitable provision for the care and support of the party of the first part: Now, therefore, The parties make payments, conveyances, covenants, agreements and releases, each in consideration of the payments, conveyances, covenants, agreements and releases made by the other, as follows:'' It then provides for each to take half interest in the homestead and gives the household goods to the wife and all other personal property to the husband; provides for the payment of five thousand ($5,000) dollars to the wife by the husband for her share in certain capital stock and an additional sum of ten thousand ($10,000) dollars to be paid by the husband to the wife; provides for the dismissal by the wife of certain then pending suits against the husband, and provides for the mutual releases by one to the other of all rights acquired by reason of the marriage relationship, and particularly ''of all mutual right of support; and it is the intention of the parties hereto to mutually release and waive all benefit of the laws of the State of Illinois, relating to husband and wife, dower, homestead, mutual support, etc., and forever bar each other, respectively, from any action to recover any separate maintenance or support or any interest that may now be or shall hereafter during the life time or at the death of either of said parties hereto be acquired by the other in the property, both real and personal, of the other, respectively.'' This agreement was dated the 18th day of October, 1938.

Viola Suhy died on October 23, 1938, leaving as her only heirs-at-law her husband (the defendant) William Suhy and the plaintiffs. Letters of administration were issued to the husband. The plaintiffs brought suit against William T. Suhy individually, and as administrator of the estate, seeking partition of certain real estate alleged to have been owned in common by Viola

Suhy and her husband. They also filed a petition in the probate court asking the court to give them all the personal property of Viola Suhy's estate. These two suits were consolidated and passed on by the circuit court at the same time. William Suhy filed a motion to strike, on the ground that the agreement in question was null and void on its face, contrary to public policy, and without consideration. The motion to strike was allowed. The complaint in the partition suit, and the petition in the probate case were both dismissed and judgment was entered for the defendant against the plaintiffs.

An appeal was taken to the Supreme Court both on the order dismissing the partition suit, and dismissing the petition in the probate case. The Supreme Court retained the partition suit and entered an opinion thereon sustaining the decree of the circuit court and transferred the probate case to this court.

The question of law involved under this contract has been passed on by our Supreme Court a number of times, and each time the holding has been that agreements of this nature are contrary to public policy and void.

In the case of *Lyons v. Schanbacher*, 316 Ill. 569, the court considered the validity of a separation agreement similar to the one in the instant case in which each released all rights they respectively had in the other's property including the legal right the wife had to support from her husband. In that case after the death of the wife, the husband filed a bill to partition real estate owned by the wife and claimed that the contract was invalid because an inseparable part of the consideration for the agreement was the release of the husband from the obligation to support his wife, which was illegal and rendered the entire contract void. In passing on this question the court said,

"One consideration for its execution was the release of appellant forever from any obligation to support

or contribute to the support of his wife. The duty of the husband to support the wife is imposed upon him by law. It does not depend upon inadequacy of the wife's means, but upon the marriage relation. Husband and wife may contract with each other as to their mutual property rights, but the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife.''

The same contention that was made in the *Lyons* case is now being made in the instant case, that is that the whole agreement should not be invalidated on account of the provision for the release of the husband from any obligation to support his wife, but the contract should stand in full force as to the division of property notwithstanding the release for future support. In passing on this question the court said: ''The invalid provision was so material a consideration that it rendered the entire contract invalid. The rule has long been established that if any of the entire consideration for a contract is illegal, the whole contract is void. When valid provisions of a contract are blended with invalid provisions the whole contract will be void. That which is bad destroys that which is good and both perish together.'' The court further stated that ''we are obliged to hold that a material part of the consideration for the agreement was contrary to public policy, illegal and void and that the whole contract must be held illegal.''

The same question was passed upon in the case of *VanKoten v. VanKoten,* 323 Ill. 323. Here the husband and wife entered into a post nuptial contract with similar features as in the present case, providing that the husband pay the wife three thousand dollars and give her the household goods and furniture, and twenty dollars a month for the support of their child, and provided further for the relinquishment of any and all future rights which they might either acquire in the

property of the other person on account of the marital relation. After the contract was consummated and the payments made as provided, the wife filed suit to set aside certain deeds. The trial court dismissed her suit and held the contract valid. On appeal the Supreme Court held the agreement contrary to public policy, and void, and reversed the decree of the circuit court saying, "marriage is a civil contract to which there are three parties,—the husband, the wife and the state,—and it is regarded as a status based upon public necessity and controlled by law for the benefit of society at large. (*Leland v. Leland,* 319 Ill. 426.) One of the contractual obligations of the marriage contract is the duty of the husband to support the wife, and this contractual obligation cannot be abrogated without the consent of the third party,—the state. Husband and wife may contract with each other as to their mutual property rights, but the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife, and a contract between husband and wife one of the material provisions of which is that the husband shall be relieved of the obligation imposed upon him by law to support his wife, is illegal and void as being contrary to public policy."

A similar holding was made in the case of *Vock v. Vock,* 365 Ill. 432, to the effect that the invalid provision which released the husband from the obligation to provide for the wife's support was so material a consideration and inseparable from the other provisions of the contract that it rendered the entire contract invalid. Under the principle laid down in the *Vock* case, which held that where a contract is illegal or against public policy a court of equity will not grant relief to either party, to compel the execution of the agreement or to set it aside after it has been executed,—for the reason that to give relief in such a case would injure and counteract public morals. The

application of the rule is not in the interest of any party to the illegal or immoral transaction but in the interest of the public. Applying the principle established in the *Vock* case to the present situation, we find that during the lifetime of Mrs. Suhy her husband could not have recovered from her the property and money which he had turned over to her pursuant to the invalid agreement. As in that regard the law leaves them as it finds them. Upon her death her personal property passed to the husband under the law of descent, and the real estate held became vested in him as surviving joint tenant. The invalid agreement cannot be asserted by her other heirs as preventing the operation of the law of descent as to the personal property. The same holding was made in the case of *Berge v. Berge,* 366 Ill. 228, on a similar contract made between a husband and wife for the division of property and a covenant not to sue in any proceeding for separate maintenance or support.

Plaintiffs contend that by amending the Separate Maintenance Act in 1935, the legislature repealed the established public policy which prohibited a wife from releasing her right to be supported by her husband. Upon examination of the language used in this amendment it appears that the only change made was that husbands were given the same relief as wives. There is nothing in this language to show legislative intent to change the law in reference to releasing support by agreement. In 1935 when this legislation was enacted, the law on this question was well established and if the legislature meant to change the existing law on the question of release for future support it could have easily done so by apt language. However, nowhere in the amendment is there any indication whatever either expressly or by necessary implication of any legislative intent to change the existing law. It must, therefore, be concluded that the law in this respect stands unchanged.

Plaintiffs cite the case of *Hallam v. Hallam,* 298 Ill. App. 445. In that case the husband, who was an alcoholic, deposited forty-one thousand dollars with the Provident Mutual Life Insurance Company so as to create an annuity of two hundred dollars per month to be paid to the wife and also transferred to her considerable other personal property. The court in passing on the question of the validity of the contract held that Hallam did not seek to avoid his obligation for future support but on the contrary met it by creating the annuity as agreed. Under the circumstances of that particular case the court held that equity required that the contract should be sustained.

It is argued that defendant is estopped by fraud from relying on the invalidity of the agreement. Count three of the complaint charges the defendant with fraudulently inserting the clause for the release of the common-law right of support, without disclosing to the wife that the same would invalidate the contract. It appears that both parties were represented by counsel and ordinarily one is not liable for false representations respecting a mere question of law, for lawyers and judges frequently disagree on what the law is. All parties have an equal opportunity to search out and find the law on any question. *Morel v. Masalski,* 333 Ill. 41; *McNeil v. Bulkley,* 269 Ill. App. 1; *Rogan v. Illinois Trust & Savings Bank,* 93 Ill. App. 39. Under the facts alleged in count three of the petition, there is no such showing as would create a cause of action on the ground of fraud.

For the reasons set out in this opinion, we hold that the alleged agreement was contrary to public policy and void, and that the judgment of the circuit court and probate court in dismissing this petition, should be and are hereby affirmed.

*Judgment affirmed.*