In re Estate of Stanley K. Young, Deceased.
Ruth Young, Appellant, v. Estate of Stanley Young,
Deceased, Appearing by Francis H. McKeever,
Appointed to Defend Said Claim, Appellee.

Gen. No. 42,561.

Opinion filed June 21, 1943.

Levinson, Becker, Peebles & Swiren, of Chicago, for appellant; Don M. Peebles, of Chicago, of counsel.

Francis H. McKeever, of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

September 10, 1940, letters of administration were issued to Ruth Young in the matter of the estate of Stanley K. Young, her deceased husband. The assets of his estate were estimated at about $25,000. Afterward Ruth Young filed her claim against the estate for $90,000, based on a decree entered by the circuit court of Cook county in a separate maintenance suit brought by her against her husband, Stanley K. Young. Francis H. McKeever was appointed by the probate court to defend the claim. The claim was disallowed, an appeal was taken to the circuit court of Cook county where the matter was heard on a stipulation of facts, a judgment entered disallowing the claim and the claimant, Ruth Young, prosecutes this appeal.

From the agreed statement of facts it appears that Stanley K. Young was a grandson of Otto Young, deceased; that the last will and testament of Otto Young, duly admitted to probate in the probate court of Cook county, set up a trust for the benefit of his surviving widow, four daughters and their children. "The Trust, by its terms, was to be terminated upon the death of the last surviving daughter of Otto Young, and the corpus of the Trust Estate is then to be divided among the then surviving grandchildren of the testator, *per capita.* Pending the termination of the Trust, the grandchildren, *per stirpes,* have only a life estate. Two of the daughters of Otto Young were liv-

ing at the time of this appeal. Stanley Young was one of the sons of a deceased daughter and thereby was entitled to a sizeable income, amounting to approximately $100,000 per annum. He had no right to receive any share of the corpus unless he survived the last child of Otto Young, which he failed to do. The First National Bank of Chicago is the Trustee under the will of Otto Young. The Estate of Stanley Young at the time of his death consisted principally of income accrued out of the Trust Estate and unpaid at the time of his death."

Stanley K. Young and Ruth were married in 1935. They did not get along well and he left her, and March 15, 1940, they entered into a contract with respect to her support. She brought a suit for separate maintenance in the circuit court of Cook county, making her husband and the First National Bank of Chicago, Trustee, defendants. April 17, 1940, the circuit court of Cook county entered a decree finding that Ruth Young was entitled to separate maintenance and directing the First National Bank of Chicago, as trustee under the will of Otto Young, to pay Ruth Young $20,000 per annum for 5 years. "The Decree provided that when this payment was made in full, all claims of Ruth Young against Stanley K. Young for support should cease. The Decree affirmed the terms of a contract entered into between the parties on March 15, 1940 with respect to support." The decree further provided "that in the event of the death of Stanley Young prior to the making of the payment of $20,000 per year for five years in full, the balance remaining, to-wit, the sum of $20,000 per year for a full period of five years and unpaid, shall constitute and be a valid claim against whatever estate may be left by the defendant, Stanley Young, or whatever sum shall be due him on an accrual basis from The First National Bank of Chicago, as Trustee under the Last Will and Testa-

ment of Otto Young, deceased.'' During the lifetime of Stanley Young, $10,000 was paid on account of the $100,000 leaving a balance of $90,000 for which amount the claim was filed in the probate court. Stanley K. Young died in September, 1940.

In support of their appeal, counsel for Ruth Young contend that the decree entered by the circuit court in the separate maintenance suit ''fixed and determined the amount of the liability of the estate in this situation, and the decree was subject to attack only on direct appeal,'' and cite *Hunter v. Hunter*, 121 Ill. App. 380; *Stidum v. Stidum*, 164 Ill. App. 261 and *West v. Carter*, 129 Ill. 249. In support of this counsel say that the separate maintenance decree may be erroneous if attacked on a direct appeal but that it was not void and cannot be collaterally attacked, as was adjudged by the circuit court in the instant case. Counsel then discuss the *Hunter* case, in which a decree was entered in a separate maintenance suit, $600 in gross awarded to the wife and an appeal taken to the Appellate Court. The court said it was error, in a separate maintenance suit, to award a sum in gross which might be done in cases of absolute divorce and that ''Where the bonds of matrimony are perpetually severed and the parties are henceforth as utter strangers, or where other special reasons exist therefor, it may be desirable and proper that such order be made. The practice, however, should not pertain in suits for separate maintenance. The reasons are obvious. Notwithstanding the decree of separation, the marital relations still exist and will continue, in the absence of a subsequent decree of absolute divorce, until the death of one of the parties. . . . . If a wife, after receiving a gross sum for her future support, should through theft, sickness or other misfortune, lose, or be compelled to expend, or should even squander the same, the result

would often be to impress the burden of her support upon the public. If, in that event her husband is no longer liable for her support, the consideration of public policy alone would render such a decree as that in question, improper.'' The decree was affirmed in part and reversed and remanded as to the allowance of the gross sum.

In the *Stidum* case (164 Ill. App. 261) a separate maintenance suit was brought and a contract was entered into by the parties which provided that in consideration of defendant paying plaintiff $550, she released all her rights in and to his property. This contract was approved in the decree entered in the separate maintenance proceeding. The court said: ''While the former decree properly determined that the contract was understandingly made, and that the provisions thereof fairly adjusted the property rights of the parties as they then existed, it was not effective finally and irrevocably to adjudicate the rights of the parties and their offspring, the chancellor in that proceeding being without jurisdiction to do so. . . . and the amount paid as consideration for the contract be treated as an allowance in gross, such gross allowance would have been erroneous for the reason stated in *Hunter v. Hunter*, 121 Ill. App. 380.''

The *West* case (129 Ill. 249) was a suit brought by West before a justice of the peace. It appeared that West had entered a horse in a race and competed for a prize. He won but never received the prize. He sued the racing association for the prize money and obtained a judgment. An appeal was taken to the circuit court. Carter signed the appeal bond. The appeal was dismissed for want of prosecution. West then sued Carter on the appeal bond. Carter defended on the ground that the original judgment was void because based on a gambling transaction but the Supreme Court affirmed the judgment holding that Carter

was not a party to the original contract between West and the racing association.

Francis H. McKeever, who is defending the estate against the claim, in his brief says that that part of the decree awarding Mrs. Young the $100,000 was void as against public policy—that "An agreement between husband and wife whereby the husband is released from all liability and obligation to make any further contribution to the support and maintenance of his wife, is illegal and void as against public policy," and in support cites *Van Koten v. Van Koten*, 323 Ill. 323; *Vock v. Vock*, 365 Ill. 432; and *Berge v. Berge*, 366 Ill. 228.

In the *Van Koten* case a written agreement was entered into between the husband and wife where they were living separate and apart, by which the wife relinquished any rights she might have to future support and maintenance from the husband, in consideration of $3,000 paid, etc. It was further agreed that the husband pay the wife $20 on the first of each month for the care and support of their child. Mrs. Van Koten filed her bill praying that certain deeds, signed by her, and the contract entered into with her husband, be cancelled and that he be required to make reasonable provision for the support of herself and the child. There was a hearing and the bill was dismissed for want of equity. The judgment was reversed by the Supreme Court and the cause remanded. The court there said that where husband and wife were living apart they might lawfully make such a contract and "a provision in such contract under such circumstances that the husband will pay to the wife a certain sum each month for her support is not void as against public policy. *French v. French*, 302 Ill. 152.

"Marriage is a civil contract to which there are three parties,—the husband, the wife and the State,—and it is regarded as a status based upon public necessity and controlled by law for the benefit of society

at large. (*Leland v. Leland*, 319 Ill. 426.) One of the contractual obligations of the marriage contract is the duty of the husband to support the wife, and this contractual obligation cannot be abrogated without the consent of the third party,—the State. Husband and wife may contract with each other as to their mutual property rights, but the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife, and a contract between husband and wife one of the material provisions of which is that the husband shall be relieved of the obligation imposed upon him by law to support his wife is illegal and void as being contrary to public policy." To the same effect are the other two cases above cited.

Under the law announced in these cases, we are of opinion that the court was without power to decree in the separate maintenance suit that the husband, upon the payment of the $100,000, should be released from further liability to support his wife, and that provision of the contract is void and can be collaterally attacked.

We are further of opinion that the public policy of the State has not so far changed as to warrant the provision of the decree complained of.

The judgment of the circuit court of Cook county, disallowing the claim, is affirmed.

*Judgment affirmed.*

MATCHETT, J., concurs.