### In re MOSER.

### MOSER v. KLEIN.

### No. 8514.

Circuit Court of Appeals, Seventh Circuit.

Oct. 30, 1944.

Rehearing Denied Dec. 20, 1944.

Arthur R. Hall, Joseph Kamfner, Edwin A. Halligan, and Samuel M. Lanoff, all of Chicago, Ill., for appellant.

Louis Cohen and David Jetzinger, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Appellant appeals from a judgment of the District Court disallowing and expunging from the records a claim in a bankruptcy proceeding on the ground that the agreement on which it was based was contrary to public policy of the State of Illinois, hence void and unenforcible.

The contract in issue was a separation agreement entered into in 1929 between the bankrupt and his wife, who were then living apart. After reciting that the parties thereto were "desirous of adjusting any and all rights of support, dower or inheritance, by reason of said marriage, and the * * * (wife) is and has been fully advised as to the assets, liabilities and financial condition of the * * * (husband), and is fully informed as to the amount of his income," the agreement provided that the husband should pay $400 a month to the wife so long as she lived and remained married to

him, or in case a divorce should be granted to either of them, but in case of her re-marriage, the monthly payments should be reduced to $300. In case of the death of the husband, the payments were to be reduced to $250 a month, which payments were to be a charge upon his estate, to be secured by a sum in trust which his executors were directed to set up unless he made other provision therefor by will or otherwise. The agreement further provided that the wife agreed that she had made full investigation of his financial affairs and found its provisions fair and advantageous, and that she discharged her husband from any and all claim for support, maintenance or alimony, and from solicitors' fees, and that each party released the other from any claim of award, dower, homestead, right of inheritance or any other benefit arising under the Illinois laws by reason of their marriage, it being the intention of the parties that the covenants of the agreement should constitute a complete release and discharge of any claims arising during the lifetime of the parties or any right of either to administer the estate of the other. The agreement further provided that in case of suit for divorce or separate maintenance between the parties, the provisions thereof should be incorporated in the decree and made a part thereof regardless of whether a divorce was granted by such decree, if any, to husband or wife.

After the execution of the agreement, the husband continued to make the monthly payments provided for therein until April 3, 1943, although such payments were not always made at the full rate. In November, 1930, the husband obtained a divorce from appellant by default decree which made no provision for alimony. In January, 1943, he filed his voluntary petition in bankruptcy, and appellant, thereupon, filed claim in the proceeding for the balance then alleged to be due under the terms of the agreement of 1929. The trustee filed objections to the claim on the ground that the contract on which it was based was void, illegal and against public policy. The parties stipulated that the amount due, if any, was $3500, and the referee accordingly allowed the claim in that amount, but on review by the court, the order was vacated and the claim disallowed and expunged from the records in the cause.

Appellee cites seven cases in support of his proposition that a contract between husband and wife, one of the material provisions of which is that the husband shall be relieved of the obligation imposed upon him by law, to support his wife, is illegal and void, as being contrary to public policy.[1] We think there can be no question but that this correctly states the Illinois law. The question, however, is, whether a contract knowingly entered into between the parties for the purpose of adjusting their marital rights of support, dower and inheritance, providing for substantial monthly payments to be continued for the balance of her life, regardless of whether or not they continued to be husband and wife, and while not immediately contemplating divorce, nevertheless providing for such a contingency, shall be struck down as contrary to public policy because it does not specifically state that the monthly payments provided are for support and does discharge all claims for such support, maintenance or alimony and because it was not incorporated in the decree of divorce as provided by the agreement itself.

Appellee concedes that husband and wife in separation agreements may make disposition of their separate property rights and such agreements may also embody provisions for her maintenance and support while living separate and apart, although this latter is true, he states, only if the wife is without fault, which he asserts is not the case before us. In the case, Adler v. Adler, 373 Ill. 361, 26 N.E.2d 504, 508, the Supreme Court of Illinois states as to this that, "Generally, when a divorce is awarded a husband on the fault of the wife, the latter will not be awarded permanent alimony. * * * The divorce statute of this State has been construed to allow alimony to an erring wife, where all the facts and circumstances warrant the court in so doing; * * *." Hence it seems that there is no fixed rule denying support even to an erring wife, and the fact that the default decree of divorce in this case did not incorporate the provisions of the contract, as

[1] Van Koten v. Van Koten, 323 Ill. 323, 154 N.E. 146, 50 A.L.R. 347; Sibert v. Suhy, 315 Ill.App. 147, 42 N.E.2d 636; Lyons v. Schanbacher, 316 Ill. 569, 147 N.E. 440; Vock v. Vock, 365 Ill. 432, 6 N.E.2d 843, 109 A.L.R. 1170; White v. White, 266 Ill.App. 210; Berge v. Berge, 366 Ill. 228, 8 N.E.2d 623; Estate of Young, 319 Ill.App. 513, 49 N.E.2d 742.

provided by its own terms, is no reason for declaring the contract unenforcible.

One of the leading cases on the subject of post-nuptial agreements is VanKoten v. VanKoten, 323 Ill. 323, 154 N.E. 146, 50 A.L.R. 347. The contract there involved provided for the release of all claims for support or property rights in consideration of the payment to the wife of $3000, delivery of all household goods and furniture, and monthly payments of $20. On suit by the wife for cancellation of the contract and an order requiring the husband to pay to her a just proportion of property accumulated during their married life and reasonable provision for support for the wife and their child, the Supreme Court held the contract contrary to public policy and void. The Court, however, well stated the law relating to such contracts [154 N.E. 147]:

"The law in this State is well settled that a husband and wife may by a written post-nuptial contract, based upon a valuable consideration, release to each other his or her rights in the other's property and estate, and thereby extinguish all rights, including the inchoate right of dower. * * * Agreements between husband and wife for a separation are not *per se* illegal or invalid, but where a husband and wife are living separate and apart, or where the circumstances are such that they can no longer congenially live together with the mutual confidence and implicit faith in each other which the sanctity of the marriage relation demands, or where the relations between them are such as to render the separation necessary for the health or happiness of one or the other of them, an agreement between them, fairly and understandingly entered into, adjusting and settling their mutual rights in each other's property, may be lawfully made, * * * and a provision in such contract under such circumstances that the husband will pay to the wife a certain sum each month for her support is not void as against public policy. * * *"

We are of the opinion that nothing in the contract before us contravenes these principles, and we find nothing in the authorities relied upon by appellee compelling us to hold it contrary to public policy. It was entered into for the purpose of adjusting all marital rights and obligations. It provided adequate support for the wife in the light of her husband's financial circumstances which were fully investigated and understood by her. Although the contract in terms releases and discharges the husband from all claims for support and other marital obligations, such provision must be interpreted in the light of the circumstances shown by other provisions thereof, and so construing it, we fully agree with the referee who stated that this contract was not to avoid the legal liability to support, but to recognize it and make provisions for meeting that obligation.

Judgment reversed and cause remanded for further proceedings.