624 P.2d 345

Earl COMPTON, as Personal Representative of the Estate of Robert L. Compton, Deceased, Plaintiff/Appellee,

v.

Susan E. COMPTON, Defendant/Appellant.

No. 2 CA–CIV 3721.

Court of Appeals of Arizona, Division 2.

Jan. 23, 1981.

Schorr, Leonard & Felker, P. C., by Franklin O. Eldridge, Tucson, for plaintiff/appellee.

Law Offices of David A. Hays, P. C., by David A. Hays, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

The determinative issue in this appeal is whether the property settlement agreement entered into between the parties severed the joint tenancy by which they held title to their home and created a tenancy in common. We hold that it did not.

Prior to their divorce, Robert (husband) and Susan (wife) Compton owned their house and lot in joint tenancy with the right of survivorship. They were divorced in 1975 and in connection therewith entered into a property settlement agreement which contained, inter alia, the following paragraphs:

"1. Wife does hereby accept and receive in full settlement and satisfaction of all her right, title, interest, claim or

demand in and to real property and personal property of the parties, and *husband hereby assigns and gives to the wife all his right, title and interest in the following described property,* to-wit:

(a) house and adjoining land at 1071 W. Roller Coaster Road, Tucson, Arizona, *to live in until such time that property should be sold at which time, all monies received by sale of such property to be divided equally between the husband and wife.*" [1] (Emphasis added)

Paragraph 4 of the agreement states that the wife, in connection with the residence, is solely responsible for the payment of the mortgage, utilities, telephone, taxes for 1975, insurance and the payment on the swimming pool.

Shortly after their divorce, the parties' infant daughter drowned in the swimming pool. The wife moved out of the residence and the husband moved in and remained there until his death in 1977. While the husband lived in the house, he paid the mortgage payments and for most of the upkeep and maintenance of the property. In 1976 the parties listed the property for sale, but it was never sold.

After the husband died the wife returned to the residence. The husband's estate filed a complaint for quiet title and partition and the wife counterclaimed to quiet title. The trial court found that the property settlement agreement operated to sever the joint tenancy and created a tenancy in common. We disagree.

A joint tenancy may be severed by direct provision of an agreement between the joint tenants. Thus, an unconditional requirement in a property settlement agreement that the property be sold severs the joint tenancy, *Carson v. Ellis,* 186 Kan. 112, 348 P.2d 807 (1960); *Bradley v. Mann,* 34 Colo.App. 135, 525 P.2d 492 (1974), aff'd 535 P.2d 213 (Colo.1975); [2] because the major characteristic which distinguishes a joint tenancy from a tenancy in common is the right of survivorship and an agreement which requires that the property be sold is inconsistent with the right of survivorship. *Bradley v. Mann,* supra.

There is no provision here requiring the sale of the property. A provision to the effect that in case the property is sold, each tenant should share equally in the proceeds, does not indicate a present severance since it merely accords with the rights of the parties should a sale of the property held in joint tenancy occur. *Duncan v. Suhy,* 378 Ill. 104, 37 N.E.2d 826 (1941), transf. 315 Ill.App. 147, 42 N.E.2d 636 (1942). In other words, such a provision is not inconsistent with the right of survivorship.

Furthermore, a contract between joint tenants to the effect that one of them shall have the exclusive possession of the property is not inconsistent with the right of survivorship so as to terminate the joint tenancy. *Cole v. Cole,* 139 Cal.App.2d 691, 294 P.2d 494 (1956); *Tindall v. Yeats,* 392 Ill. 502, 64 N.E.2d 903 (1946); *Hammond v. McArthur,* 30 Cal.2d 512, 183 P.2d 1 (1947); *Teutenberg v. Schiller,* 138 Cal.App.2d 18, 291 P.2d 53 (1955).

Our reading of the settlement agreement leads us to conclude that the parties only intended that the husband give his wife exclusive possession of the home but never intended to sever the joint tenancy and create a tenancy in common.

The judgment is reversed and the trial court is ordered to enter a judgment quieting title in the appellant.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

1. The property settlement agreement was drafted by the husband, apparently without the aid of an attorney.

2. See Annot. 64 A.L.R.2d 918 at 944 et seq.