JOHN E. LYONS, Appellant, *vs.* JOHN SCHANBACHER *et al.* Appellees.

*Opinion filed April 24, 1925.*

1. HUSBAND AND WIFE—*duty to support wife is imposed by law.* The duty of the husband to support the wife is imposed upon him by law on account of the marriage relation, and it does not depend upon inadequacy of the wife's means.

2. SAME—*contract relieving husband of obligation to support wife is void.* Husband and wife may contract with each other as to their mutual property rights, but the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife, and where this is the only apparent consideration or benefit to be derived by him from a voluntary separation agreement the contract is void.

3. CONTRACTS—*an invalid consideration renders entire contract void.* Where valid provisions of a contract are blended with invalid provisions the whole contract is void, and if any part of an entire consideration is illegal the entire contract is invalid.

4. SAME—*contract void as against public policy cannot be ratified—estoppel.* A contract illegal as against public policy cannot be ratified; nor is there any estoppel against asserting its invalidity, as the defense of invalidity is not allowed for the sake of the party seeking to escape his contract but for the sake of the law.

APPEAL from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding.

DONOVAN, BRAY & GRAY, (JAMES A. BRAY, of counsel,) for appellant.

J. W. D'ARCY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal involves the validity of a post-nuptial agreement. Katie Frey Lyons was married to appellant, John E. Lyons, November 29, 1921. She possessed property of considerable value. Appellant does not appear to have been the owner of any property. The parties lived in Lockport, Will county, in property, as we understand it, of the wife. On January 12, 1922, forty-three days after the marriage, the parties entered into a separation agreement. The preamble to the agreement recites that appellant and his wife, "without abatement or loss of mutual confidence, love or respect each for the other, for reasons which seemed to them to be good and sufficient and for the best, and after a frank exchange of confidences and views, and without feelings of anger, undue influence, coercion or duress of any kind, have mutually decided to live separate and apart for all time hereafter so long as both shall live." Appellant, in consideration of the covenants and agreements of his wife, released all rights he might have in the property the wife then owned or which she might thereafter acquire, in case he survived her, and the wife, in consideration of the covenants and agreements of the husband, released all rights she would have in any property the husband then owned or might thereafter acquire, if she survived him, and "hereby wholly and absolutely releases and relinquishes and waives all legal right which she may have to support or contributions for support from her said husband, John E. Lyons, from this time henceforth." The parties were living as husband and wife at the time the agreement was executed, but the proof shows that within a day or two thereafter appellant and his three boys by a former wife, who were living with their father and step-mother, left Lockport and went to Chicago, where they resided until the death of the wife, Katie Frey Lyons, which occurred August 24, 1923. She died intestate, and appellant as her surviving husband, and a brother, John Schanbacher, were her only heirs. At the time of

her death her estate consisted of about $7000 worth of real estate and $20,000 of personal property. Appellant filed a bill for partition of the real estate, claiming one-half of it as her surviving husband and dower in the other half. The separation agreement or post-nuptial contract was interposed as a defense in bar to his right to any of his wife's property. Upon a hearing the chancellor sustained the validity of the agreement as a bar to appellant's right to any interest in his wife's property and dismissed the bill. This appeal is prosecuted from that decree.

Appellant contends that the contract between him and his wife was void (1) because the separation did not immediately follow the execution of the agreement; (2) because no cause for separation existed; (3) because an inseparable part of the consideration for the agreement was the release of the husband from the obligation to support his wife, which is illegal and renders the entire contract void.

It is not entirely clear when the separation occurred. The parties were living together as husband and wife at the time they executed it, and the proof tends to show appellant left Lockport and went to Chicago within a day or two after the agreement was signed, where he afterwards resided. What the relations of the husband and wife were during the day or two before the husband left is not disclosed by the evidence, but we are disposed to treat the separation as having immediately occurred upon the execution of the contract, which it would have to do to be a valid contract. All the authorities hold an agreement to separate at some future time is invalid.

What caused the parties to enter into the agreement to live separate and apart is not disclosed. The agreement states there was no lack of mutual confidence, love and respect between the parties, but for other reasons which seem to them for the best, they had, after a frank exchange of confidence and views, without any anger, decided to thereafter live separate and apart. The great weight of authority

is that it is essential to the validity of a separation agreement between husband and wife that the relations between · them must be such as to render the separation necessary for the health or happiness of one or the other of them, and that there must be a moving cause for the separation in addition to the mutual volition of the parties and their disregard of the marital obligations, though there are some decisions to the contrary. (*Stebbens* v. *Morris,* 19 Mont. 115; *Baum* v. *Baum,* (Wis.) 83 A. S. R. 854, and extensive note; *Hill* v. *Hill,* (N. H.) 12 L. R. A. (n. s.) 848, and note.) There are some cases holding the cause for separation is a matter exclusively for husband and wife, and the sufficiency of the cause as affecting the validity of the contract is not open to consideration of the courts, but as this contract must be held invalid on other grounds we need not further refer to that question.

It was formerly held in England and two or three States in this country that agreements between husband and wife for a separation were illegal, but it is now held by substantially all courts that such agreements are not *per se* invalid, and it is now the law that an agreement between husband and wife, fairly and understandingly entered into, adjusting and settling their mutual rights in each other's property, may be lawfully made. A separation agreement between husband and wife in which each released all right in and to the property of the other was considered by this court in *Luttrell* v. *Boggs,* 168 Ill. 361. After the wife's death the husband claimed the right to have dower assigned him in the wife's land and contended the contract was not a legal and binding contract. This court sustained the contract and held it barred the husband's right to dower. The only ground which the opinion mentions as a reason why the contract was claimed by the husband to be void was that that part of the agreement providing the parties were to live separate and apart was contrary to public policy and void. The contrary has been decided by the overwhelming

weight of authority in this country, but the court expressed no opinion upon that question. It disposed of it by the statement that if that part of the agreement was invalid it would not affect the agreement of the husband releasing any right to dower in his wife's land. It may well be doubted whether that was so, but the conclusion reached was correct, for the agreement to live separate was valid. In the opinion previous decisions of this court upon the subject are referred to, and the same subject has since been considered in *Stokes* v. *Stokes,* 240 Ill. 330, *Edwards* v. *Edwards,* 267 id. 111, *Collins* v. *Phillips,* 259 id. 405, and *French* v. *French,* 302 id. 152. The agreement considered by the court in the *French case* was one for separate maintenance of the wife. Its validity was attacked, and the court held it was not void as against public policy if the wife was entitled to live separate and apart from her husband and be supported by him.

The purpose of this agreement was the renunciation of the marital obligation. One consideration for its execution was the release of appellant forever from any obligation to support or contribute to the support of his wife. The duty of the husband to support the wife is imposed upon him by law. It does not depend upon inadequacy of the wife's means but upon the marriage relation. Husband and wife may contract with each other as to their mutual property rights, but the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife. 13 R. C. L. sec. 220, p. 1188, and sec. 406, p. 1363; *Hill* v. *Hill, supra,* and note to same case as reported in 12 L. R. A. (n. s.) 848; *Ryan* v. *Dockery,* (Wis.) 126 A. S. R. 1025; *Corcoran* v. *Corcoran,* (Ind.) 12 A. S. R. 390; *Ott* v. *Hentall,* 51 L. R. A. 226.

Counsel for appellees contends that under the decision in *Luttrell* v. *Boggs, supra,* the whole agreement is not invalidated by the provision for the release of the husband

from any obligation to support his wife; that even if that covenant is void the remainder of the contract is valid, and as no claim was ever made upon appellant by the wife for support, the contract should be sustained as to the other covenants and agreements. It cannot be controverted that the covenant or agreement for the release of appellant from any obligation to support his wife is contrary to public policy and void. It cannot be known whether it would have been entered into if that consideration had not entered into its execution. As the parties were then situated, the agreement releasing appellant from any obligation to support his wife was the only benefit he got out of it. As he at the time the agreement was made had no property, he received no benefit from his wife's agreement to release all right she might have in all the property he then owned. It is true he might have afterwards acquired property, and it is also true his wife might have afterwards lost the property she had when the agreement was made. The invalid provision was so material a consideration that it rendered the entire contract invalid. The rule has long been established that if any part of the entire consideration for a contract is illegal the whole contract is void. When valid provisions of a contract are blended with invalid provisions the whole contract will be void. That which is bad destroys that which is good and both perish together. *Crichfield* v. *Bermudez Paving Co.* 174 Ill. 466; *Douthart* v. *Congdon,* 197 id. 349; *First Nat. Bank* v. *Miller,* 235 id. 135; *Hill* v. *Hill, supra.*

After the separation agreement was entered into, appellant joined his wife in a deed conveying real estate, and counsel for appellees contends this was a ratification of the contract. A contract illegal as against public policy cannot be ratified. (Elliott on Contracts, sec. 6779; *Coppell* v. *Hall,* 7 Wall. 542; *Lyon* v. *Waldo,* 36 Mich. 345.) This court has held an illegal contract cannot be ratified, nor is there any estoppel against asserting its invalidity. (*Durkee* v. *People,* 155 Ill. 354; see, also, *Galpin* v. *City of Chi-*

*cago,* 269 Ill. 27.)  In *Coppell* v. *Hall, supra,* the court said the defense is not allowed for the sake of the party seeking to escape his contract but for the sake of the law.

We are obliged to hold that a material part of the consideration for the agreement was contrary to public policy, illegal and void and that the whole contract must be held illegal.

The decree is reversed and the cause remanded.

*Reversed and remanded.*