(No. 17435.—Reversed and remanded.)

IDA VANKOTEN, Plaintiff in Error, *vs.* CLIFFORD E. VAN-
KOTEN, Defendant in Error.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. HUSBAND AND WIFE—*husband and wife may release property rights by a post-nuptial agreement.*  A husband and wife may by a written post-nuptial contract, based upon a valuable consideration, release to each other his or her rights in the other's property and estate and thereby extinguish all rights, including the inchoate right of dower.

2. SAME—*general rule as to when a separation agreement is valid.*  Agreements between husband and wife for a separation are not *per se* illegal or invalid, and where they live separate and apart, or they can no longer congenially live together, or a separation is necessary for the health or happiness of one or the other, an agreement fairly and understandingly entered into, settling their mutual rights in each other's property and providing that the husband will pay to the wife a certain sum each month for her support, is not void as against public policy.

3. SAME—*State is a party to a marriage contract.*  Marriage is a civil contract, to which there are three parties,—the husband, the wife and the State,—and it is regarded as a status based upon public necessity and controlled by law for the benefit of society at large.

4. SAME—*separation agreement relieving husband of support of wife is void as against public policy.*  While husband and wife may contract with each other as to their mutual property rights, the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife, and a separation agreement is illegal and void, as being contrary to public policy, where one of its material provisions is that the husband shall be relieved of the obligation to support his wife.

5. SEPARATE MAINTENANCE—*when wife makes sufficient tender of sum received under illegal separation agreement.*  A wife suing for separate maintenance and for rescission of an illegal separation agreement must tender what she has received under the agreement, and a sufficient tender is made where she alleges in her bill that she has said amount in her possession and is ready and willing to re-pay the same, said allegation being supported by evidence, as the money may be ordered in court, at any time when the rights of the defendant require it, as a condition to granting relief.

Writ of Error to the Circuit Court of Champaign county; the Hon. Franklin H. Boggs, Judge, presiding.

Dobbins & Dobbins, for plaintiff in error.

Herrick & Herrick, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

November 28, 1921, Clifford E. VanKoten and Ida VanKoten, residents of Champaign, being husband and wife and the parents of a child aged seven years, entered into a written agreement which, after reciting that the parties thereto had ceased to live and cohabit together as husband and wife and that it was the desire of the parties to arrange their property interests so that each might relinquish and surrender any and all rights and interest which he or she might have or claim in the property of the other and the wife to relinquish any rights which she might have to future support and maintenance from the husband, provided that for and in consideration of the premises and of the sum of $3000 in hand paid by Clifford E. to Ida Van-Koten, and of the deliverance to her of all the household goods and furniture contained in the dwelling house formerly occupied by them and the payment of all bills for family expenses then outstanding, she thereby released to him all claims, rights, title or interest from making any claim for support or maintenance in any manner from him. It was further agreed that VanKoten should pay to his wife the sum of $20 on the first of every month for the care and support of the child, which payments were to continue as long as the child should be in her custody. It was further agreed between the parties that in consideration of the division and adjustment of the properties, each agreed to and did thereby relinquish any and all future rights which he or she might acquire in any property of the other by reason of the marriage relation, and that in case any such right or interest arose thereafter, each of the parties

agreed to execute and deliver, on request, any and all instruments of conveyance to relinquish such right. After the signing of this agreement VanKoten paid to his wife the sum of $3000 and delivered to her the household goods and furniture mentioned in the contract and paid to her each month the sum of $20 for the support of the child. Thereafter Ida VanKoten filed her bill in chancery in the circuit court of Champaign county against Clifford E. Van-Koten, A. L. Schilling and Lottie Schilling, praying that certain deeds signed by her and VanKoten to the Schillings should be canceled and set aside, and that the agreement of November 28, 1921, between her and VanKoten should be set aside and canceled and that he should be required to pay to her a just proportion of the property accumulated during their married life and to make reasonable provision for the support of herself and child, and for general relief. VanKoten answered, denying her right to the relief sought. The other defendants did not answer and took no part in the case. The cause was referred to the master in chancery, who took the evidence and found against the complainant and submitted his findings of law and fact. Objections to his findings being overruled, by stipulation the objections stood as exceptions to the master's report. The court affirmed the master's report and dismissed the bill for want of equity. The record is now before this court for review upon writ of error.

It is contended by plaintiff in error that the decree should be reversed because the contract and the deeds signed by her were procured by fraud, and that, even if the agreement had been fairly entered into without fraud or concealment, it was void for the reason that it states that its purpose is "to relinquish any rights which the party of the second part may have to the future support and maintenance from the party of the first part."

The law in this State is well settled that a husband and wife may by a written post-nuptial contract, based upon a

valuable consideration, release to each other his or her rights in the other's property and estate, and thereby extinguish all rights, including the inchoate right of dower. (*Kohler* v. *Kohler,* 316 Ill. 33; *Edwards* v. *Edwards,* 267 id. 111.) Agreements between husband and wife for a separation are not *per se* illegal or invalid, but where a husband and wife are living separate and apart, or where the circumstances are such that they can no longer congenially live together with the mutual confidence and implicit faith in each other which the sanctity of the marriage relation demands, or where the relations between them are such as to render the separation necessary for the health or happiness of one or the other of them, an agreement between them, fairly and understandingly entered into, adjusting and settling their mutual rights in each other's property, may be lawfully made, (*Lyons* v. *Schanbacher,* 316 Ill. 569,) and a provision in such contract under such circumstances that the husband will pay to the wife a certain sum each month for her support is not void as against public policy. *French* v. *French,* 302 Ill. 152.

Marriage is a civil contract to which there are three parties,—the husband, the wife and the State,—and it is regarded as a status based upon public necessity and controlled by law for the benefit of society at large. (*Leland* v. *Leland,* 319 Ill. 426.) One of the contractual obligations of the marriage contract is the duty of the husband to support the wife, and this contractual obligation cannot be abrogated without the consent of the third party,—the State. Husband and wife may contract with each other as to their mutual property rights, but the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife, and a contract between husband and wife one of the material provisions of which is that the husband shall be relieved of the obligation imposed upon him by law to support his wife is illegal and void as being contrary to public policy.

(*Lyons* v. *Schanbacher, supra.*)  In the instant case one of the material provisions of the agreement was, "the said party of the second part hereby releases all claims, rights, title or interest to the party of the first part from making any claim for support or maintenance in any manner from the party of the first part." This provision was not only a material one, but, as stated in the agreement, it was one of the principal objects of the agreement. The agreement was therefore contrary to public policy and void, and this court cannot, therefore, place its sanction upon it and affirm a decree which finds it to be a valid and binding agreement.

It is contended by defendant in error that when a party discovers fraud has been practiced upon him in making a contract he should tender what he has received under the contract as a condition to its rescission, and that in this case Ida VanKoten has not returned the $3000 received by her or made a valid or sufficient tender thereof. This contention as to the law is correct. (*Mitchell* v. *Mitchell,* 263 Ill. 165.) The evidence, however, shows that at the time of the trial Ida VanKoten still had the $3000 in her possession. She by her bill alleged that she was ready and willing to re-pay the sum of $3000, or such portion thereof as the court may order to be re-paid to VanKoten, if in equity and justice it may find that any part thereof should be re-paid to him by her. This is a sufficient tender, as the money may be ordered in court at any time when the rights of the defendant in error require it, as a condition precedent to granting the relief sought. *Webster* v. *French,* 11 Ill. 254; *Glos* v. *Goodrich,* 175 id. 20.

The agreement between the VanKotens being contrary to public policy and void, the circuit court erred in holding it to be a valid agreement and in dismissing the bill for want of equity. The decree of the circuit court is therefore reversed and the cause remanded.

*Reversed and remanded.*