(No. 20378.—

CHARLES WEINEBROD, Appellee, *vs.* WILLIAM ROHDEN-BURG, Appellant.

*Opinion filed February 18, 1931—Rehearing denied April 10, 1931.*

EDGAR B. ELDER, and GEORGE L. REKER, for appellant.

ANDERSON & CLARKE, (LAGGER & BLATT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee filed a bill in the superior court of Cook county to determine his rights in certain real estate in that county of which Elsie R. Rohdenburg, sister of appellee and wife of appellant, died seized on March 15, 1929. Appellant answered the bill and filed a cross-bill claiming homestead and dower rights in the said real estate and an interest as heir of the said Elsie R. Rohdenburg. A demurrer was sustained to the cross-bill and the same was dismissed. Hearing was had in open court on the original bill and answer and a decree was entered granting the prayer of the bill. Appellant has appealed to this court.

The bill alleges that Elsie R. Rohdenburg for years, and at her decease, was seized of the therein described real estate; that she was at the time of her decease the wife of appellant; that on November 8, 1912, she obtained a decree for separate maintenance against him, which decree directed that he pay to her the sum of $10 per week and solicitor's fees amounting to $50, and that on February 2, 1917, Elsie R. Rohdenburg and appellant entered into an agreement whereby the latter released all his interest, right and title of every kind and nature, including his contingent right of dower, in the premises described, and his interest as heir in the lands and personal property then or thereafter

owned by Elsie R. Rohdenburg, and particularly the premises described in the bill, in consideration whereof Elsie R. Rohdenburg released appellant from the payment of the sum of over $2000 which had accrued under the decree for separate maintenance and which was unpaid, and agreed to a modification of the decree reducing the amount of payments to $30 per month. The bill alleges that the agreement was executed by both parties, duly acknowledged and was filed for record in the office of the recorder of deeds of Cook county on June 24, 1924, and that in accordance with that agreement the decree for separate maintenance was modified by an order of the superior court so reducing appellant's payments and finding as a fact that the parties thereto were living separate and apart. It also alleges that on March 31, 1928, Elsie R. Rohdenburg executed a trust deed to said described premises conveying the same to the Citizens State Bank, trustee, to secure her note for $1500, which said trust deed is still a lien against the premises in the principal sum of $1500 and which recites that Elsie R. Rohdenburg was then living separate and apart from her husband, the appellant. The bill alleges that appellee is the owner in fee simple of the premises, subject only to the lien of the trust deed and a right of homestead, if any, in appellant. The bill further alleges on information and belief that for some time prior to the death of Elsie R. Rohdenburg appellant lived in the above described premises with said Elsie R. Rohdenburg but not as her husband, and that appellant is claiming some title or interest in the property which appellee believes to be an estate of homestead. It is further alleged that appellant abandoned the property as a homestead and did not regain any such right therein but is in possession of the premises. The prayer of the bill is that the court determine whether appellant has a homestead right or any other right in the property, and if he has such homestead right that the same be set off or extinguished by the payment by appellee of

the sum of $1000 for the use of appellant. The real estate is alleged to be worth the sum of $7000, and the bill states that in case the court decrees appellant entitled to a homestead, appellee is ready, willing and able to pay $1000 when and to whom the court may direct, to extinguish such right.

Appellant answered the bill, admitting that his wife died intestate, that he was in possession of the property and living therein, and alleging that he lived with the deceased as her husband from the year 1917 until the time of her death. His answer admits the entry of the decree for separate maintenance but denies that he had abandoned his wife. He admits the signing of the agreement but alleges that he did not understand the purport or effect of it, and denies that the agreement released all his interest, of every kind and nature, in the premises and in the lands and personal estate of his wife. He neither admits nor denies the recording of the agreement nor the execution of the trust deed and alleges that appellant and appellee are co-owners of the property under the Statute of Descent, and that, in addition thereto, appellant is the owner of a homestead right therein.

The issues involved in this case concern the relationship of appellant to the deceased subsequent to the making of the contract in the bill described and the effect of that contract. The former is a question of fact and the latter a question of law. The decree, in addition to finding the facts alleged in the bill and admitted by the answer, found that in 1917 appellant had become in arrears in the payment of his alimony and that his wife caused a citation to issue out of the superior court of Cook county against him to show cause why he should not be adjudged to be in contempt of court; that during the pendency of those proceedings the contract hereinbefore mentioned was executed between Elsie R. Rohdenburg and appellant and that the citation was dismissed and the decree for alimony amended as stated. It further found that some time later appellant

returned to the described premises and took up his residence there and that deceased up to the time of her death also resided in the premises described in the bill. The decree further finds that during the time appellant was living in the same premises with his wife, and up to the time of her death, they were not living in the relationship of husband and wife but were living separate and apart, and that appellant has no homestead or other right or interest in the property. The decree declares the title to be in appellee to the entire premises in fee simple, free and clear of all claims of appellant, enjoined appellant from asserting further claim thereto and directed him to vacate the premises within twenty days and to pay the cost of the proceeding. Appellant argues here that the court erred in decreeing that he had no right, title or interest in the property and erred in sustaining the demurrer to his cross-bill.

Appellee filed in this court a motion to dismiss the appeal on the ground that appellant failed to file in the trial court an appeal bond approved by the court, in accordance with the order allowing the appeal. The order provided that the appeal bond be approved by the court. The record shows that on the bond was endorsed by Hon. Wm. J. Lindsay, the chancellor, the following: "Approved, Wm. J. Lindsay." No contention is made that he was not the chancellor who tried the cause but it is argued that such an endorsement does not amount to an approval by the court. This question has not been directly presented to this court. Section 92 of the Practice act (Smith's Stat. 1929, p. 2193,) provides that an appeal bond shall be filed "with sufficient security to be approved by the court." Section 93 provides that the clerk of the court may, by order of court made at the time of praying the appeal and entered of record, approve the surety offered on such bond, and that such approval may be made in term time or vacation. The purpose of an order requiring the approval of a bond is to insure an examination of the same to ascertain the sufficiency

of the surety thereon and to indicate the approval of such surety. Section 92 does not provide that the approval shall be by an order of court entered of record, nor does section 93 provide for the entering of an order of approval when the bond is approved by the clerk. The bond was presented to the chancellor within the time designated in the order allowing the appeal, and he endorsed thereon the word "approved" and signed his name thereto. The bond so endorsed was filed with the clerk in apt time. By so doing appellant complied with the order of the court in so far as he was able to do and the court indicated by the signature of the chancellor that the surety was approved. The statute does not require the entry of a formal order of approval by the court, and we are of the opinion that the approval indicated by the endorsement of the chancellor was an approval of the bond by the court within the meaning of the statute and complied therewith. The motion to dismiss the appeal is denied.

The first question presented on assignment of error is whether appellant is entitled to a homestead in the described property. By section 2, chapter 52, (Smith's Stat. 1929, p. 1470,) it is provided that a homestead exemption "shall continue after the death of such householder for the benefit of the husband or wife surviving * * * and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a residence." Appellant, as found by the decree of the superior court, in 1912 voluntarily abandoned his wife. She continued to occupy the premises up to the time of her death and the estate of homestead continued in her. (*Hagerty* v. *Hagerty*, 149 Ill. 655.) Whether appellant returned to his wife and whether they lived together as husband and wife is a question of fact. The evidence on the issue is conflicting. The only direct evidence that appellant and his wife lived together as husband and wife is that of appellant. His testimony was not competent,

Appellee was prosecuting as an heir of the deceased and appellant was not a competent witness in his own behalf. (*Stokes* v. *Stokes,* 240 Ill. 330; *Yarde* v. *Yarde,* 187 id. 636.) On a hearing before the chancellor, however, it is presumed that he considered only competent evidence. (*Kingman* v. *Higgins,* 100 Ill. 319.) It is evident that when Elsie R. Rohdenburg gave the trust deed on March 31, 1928, less than one year prior to her death, she did not understand that she and her husband were living together as husband and wife, as the trust deed recites the contrary fact. The chancellor heard and saw the witnesses, and on examination of the evidence we are of the opinion that his conclusion of fact that appellant abandoned his homestead right in 1912 and did not thereafter live with the deceased as her husband is correct.

The second contention of appellant is that the agreement between himself and wife was invalid for the reason that the consideration therefor was illegal in its inception. A husband may by a written post-nuptial contract, based on a valuable consideration, release to his wife all his rights in her property and thereby extinguish all rights as the surviving spouse, including the right to dower and right to inherit as an heir-at-law. (*Kohler* v. *Kohler,* 316 Ill. 33; *Edwards* v. *Edwards,* 267 id. 111; *Stokes* v. *Stokes, supra; Carling* v. *Peebles,* 215 Ill. 96; *Luttrell* v. *Boggs,* 168 id. 361; *Crum* v. *Sawyer,* 132 id. 443.) The facts show a valid consideration to him for his commitment under the contract and it was valid and binding on him.

Appellant by his cross-bill charges that the contract was null and void on the ground that the same was abrogated by the subsequent return to his wife to live and cohabit with her as man and wife. In the cross-bill, however, he admits the signing of the contract and the receipt by him of the benefit of the consideration expressed in it and made no offer to return that consideration. The contract was under

seal, and there was no allegation in the cross-bill that fraud influenced appellant to execute the same. The cross-bill did not state a cause of action and it was not error to sustain the demurrer thereto.

The decree of the superior court is right and is affirmed.

*Decree affirmed.*