(No. 30332.—

HARRIET LAGOW, Appellee, *vs.* ALTA LAGOW SNAPP *et al.*— (RELA LAGOW ANDERSON, Appellant.)

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

SUMNER & LEWIS, of Lawrenceville, and SHULER Mc-CORMICK, of Vincennes, Indiana, for appellant.

R. M. SHAW, of Lawrenceville, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal by Rela Lagow Anderson, one of the defendants, from a decree for partition of certain real estate, entered by the circuit court of Lawrence County, May 14, 1947.

The plaintiff, Harriett Lagow, filed her amended complaint for partition alleging that her husband, Earl Lagow, died intestate on April 18, 1940, leaving him surviving the plaintiff as his widow, and the defendants, Alta Lagow Snapp, Rela Lagow Anderson and Vern Lagow, his sisters and his brother, as his only heirs-at-law and that Earl died seized in fee simple of approximately 600 acres of land, together with a vacant lot, in the Village of Russelville, all being located in Lawrence County. It was alleged that Harriett Lagow was entitled to a homestead and to an undivided one-half of the premises involved and that the defendants, being the sisters and the brother of the deceased, were each entitled to an undivided one-sixth interest thereof. The complaint also asked for a partition of the premises in accordance with the respective interests of the parties. The defendant, Rela Lagow Anderson filed an answer to this complaint denying that the plaintiff owned or was entitled to any interest in the premises and setting forth that the defendants, Alta Lagow Snapp, Rela Lagow Anderson and Vern Lagow each owned an undivided one-third interest in the premises by reason of a certain postnuptial property settlement agreement which had been entered into on December 8, 1913, between Harriett Lagow and her deceased husband, Earl Lagow, by the terms of which Harriett released all her interest in her husband's

property, a copy of which agreement was attached to the answer. The defendants, Vern Lagow and Alta Lagow Snapp, did not answer the complaint.

To the answer of the one defendant, the plaintiff filed a replication in which it was alleged that the agreement pleaded by the defendant was procured by undue influence, that after the execution of the agreement another agreement was entered into which cancelled and set aside the agreement pleaded by the defendant, that the agreement pleaded by the defendant was without consideration, that the said agreement was abrogated and voided because the parties thereto resumed their marital relationship and that the agreement was void for the reason that it relieved the husband of his duty to support his wife and was therefore against public policy. The replication also alleged that the defendant was estopped to plead the agreement for the reason that the same was not raised in a prior proceeding had between the parties in a suit to probate the will of William A. Lagow, the deceased father of the defendant and the said Earl Lagow. Rela Lagow Anderson filed her reply in the nature of a rejoinder to this replication by which she denied all allegations thereof.

The matter proceeded to a hearing before the chancellor and from the evidence it appears that Earl Lagow died on April 18, 1940, seized of the lands described in the complaint. It further appears that he became the owner of this land on January 11, 1938, when deeds were mutually exchanged among the heirs of William A. Lagow, deceased, the father of Earl and the defendants herein, by which exchange the heirs divided approximately 2700 acres of land among them. It further appeared that after the death of Earl Lagow, the defendant, Rela Lagow Anderson, attempted to probate an instrument purporting to be the Last Will and Testament of William A. Lagow, deceased, both in Indiana and in Illinois, and in those matters Harriett Lagow filed objections as the widow and as admin-

istrator of her husband's estate. The will was never probated in either State.

The defendant introduced in evidence, over the objection of the plaintiff, the purported postnuptial agreement dated December 8, 1913, which is as follows:

"A Contract of Agreement, made this eighth day of December, A.D. 1913, by and between Earle Lagow, husband, and party of the first part and Harriett Lagow, wife, party of the second part.

"Whereas, the respective Earle Lagow, husband aforesaid, and Harriett Lagow, wife as aforesaid, desire to settle all the rights, present and prospective, either may now have or may in the future acquire in respective estates each of the other.

"The said Earle Lagow is the owner of Twelve (12) head of horses and mules and farming implements and has sown about one hundred and thirty (130) acres of wheat, now growing, of which he is the owner of a three-fifths (3/5) interest, and also twenty-six (26) head of hogs and some household furniture, two cows and corn in field and crib.

"It is Agreed that for the interest the said Harriett Lagow may now have and any prospective interest she may have in the estate, real and personal of the said Earle Lagow, she will accept the sum of $1115.00, Eleven Hundred and Fifteen Dollars, in cash, and the said Earle Lagow agrees to pay to the said Harriett Lagow the said sum of $1115.00 in cash, being the amount she has agreed upon and proposed to accept.

"In Consideration of the Said Payment by the said Earle Lagow of the sum of $1115.00 the receipt of which is hereby acknowledged, the said Harriett Lagow does hereby release and forever discharge the said Earle Lagow from any further demands or claims of any kind whatsoever and releases and hereby relinquishes all her rights in the property of the said Earle Lagow, real and personal, including the right of dower, widow's award, in fact all interests rights and title to any and all estates of any kind or character, both real and personal, which the said Earle Lagow may now have or hereafter acquire. And the said Harriett Lagow further releases and relinquishes and forever all her rights, interest or claims which she may now have against the said Earle Lagow or any interest she may hereafter acquire against him or may have present or prospective in his estates, real or personal, either as heir, widow or otherwise.

"And It Is Further Agreed by and Between respective parties that the said Earle Lagow hereby release and relinquishes all right, title or interest, present or prospective which he may have at any time in any estate, real or personal, of the said Harriett Lagow, or which she may hereafter acquire or own.

"And It Is Further Agreed by and between the respective parties that either is forever and hereafter discharged and acquitted of any right to or interest in, either distributive share in the other's personal estate or real estate of any kind whatever, and each is forever discharged from any claim on the other.

"In Witness Whereof, the parties have hereunto set their hands and seals the day and year above written and in duplicate, either of which may be for all purposes used as an original, and that the same may be binding upon them, their executors, administrators, heirs and assigns.

"(Signed) EARL LAGOW     (Seal)

(Signed) HARRIETT LAGOW     (Seal)"

This agreement was acknowledged before a notary public in Lawrence County on December 8, 1913.

After this agreement was admitted in evidence, Harriett Lagow introduced testimony showing that she and her husband did, in the month of December, 1913, separate, and did enter into the agreement but that within a few days thereafter they mutually agreed to resume their marital relationship and did resume it and continued to live as husband and wife until the death of Earl Lagow in 1940. There was oral testimony produced to the effect that Earl Lagow and Harriett Lagow did mutually execute another contract voiding and nullifying the agreement of December 8, 1913, and that that agreement had been reduced to writing but that it had disappeared during 1941 from the home of Harriett Lagow under somewhat mysterious circumstances. The testimony of two witnesses who had seen the new agreement and who had read it was also offered.

After the close of all of the evidence, the court took the matter under consideration and briefs were submitted, and subsequently the court entered its decree for partition, from which this appeal is taken.

The basis for the chancellor's decision was that the purported postnuptial agreement of December 8, 1913, was invalid and void as being against public policy because by

the terms thereof the agreement attempted to relieve the husband of his duty to maintain or support his wife and that these provisions were such a material part of the consideration for the execution thereof and so inseparable from the other provisions of the contract that the entire contract was null and void as against public policy.

The defendant in appealing to this court contends that the chancellor erred in holding the agreement of December 8, 1913, invalid and void as against public policy and she contends that therefore the plaintiff, Harriett Lagow, is entitled to no interest in the premises in question and that the defendant and her brother and her sister are each entitled to an undivided one-third thereof.

This court has often passed upon the validity of contracts between husband and wife and we have held that a wife may by a written contract with her husband, based upon a valuable consideration, release to him her rights in his property and estate and thereby extinguish her rights as widow, including the right of dower. (*Stokes* v. *Stokes,* 240 Ill. 330; *Kirchner* v. *Morrison,* 320 Ill. 236; *Edwards* v. *Edwards,* 267 Ill. 111; *Weinebrod* v. *Rohdenburg,* 343 Ill. 318.) However, this court has also been called upon to pass upon contracts entered into between husband and wife wherein the wife attempted to discharge her husband from his legal obligation to maintain her and we have repeatedly held that such contracts are against public policy and are therefore void. In the case of *Lyons* v. *Schanbacher,* 316 Ill. 569, we had for consideration a contract in which the wife "hereby wholly and absolutely releases and relinquishes and waives all legal right which she may have to support or contributions for support from her said husband, John E. Lyons, from this time henceforth." At the time that contract was executed the parties were living together, but within a day or two thereafter they separated. In that case it was contended that the contract was

void because an inseparable part of the consideration for the agreement was the release of the husband from the obligation to support his wife. In that case we held "One consideration for its execution was the release of appellant forever from any obligation to support or contribute to the support of his wife. The duty of the husband to support the wife is imposed upon him by law. It does not depend upon inadequacy of the wife's means but upon the marriage relation. Husband and wife may contract with each other as to their mutual property rights but the husband cannot by contract, either before or after marriage, relieve himself of the obligation imposed upon him by law to support his wife." In that case we held that the contract was illegal and void, and we stated in so holding "The invalid provision was so material a consideration that it rendered the entire contract invalid. The rule has long been established that if any part of the entire consideration for a contract is illegal, the whole contract is void. When valid provisions of a contract are blended with invalid provisions, the whole contract will be void. That which is bad destroys that which is good and both perish together."

Likewise, in the case of *VanKoten* v. *VanKoten*, 323 Ill. 323, we were called upon to pass upon the validity of a contract which, in addition to providing for a cash settlement of $3000 to the wife together with the delivery to her of the household goods and furniture and provision for a payment to her of $20 per month for the support of a minor child, also provided for the relinquishment of any rights which the wife might have for her future support and maintenance from her husband. In that case we held the entire contract invalid on the grounds of public policy because the provision freeing the husband from his duty to support and maintain the wife was a material provision of the agreement. These decisions have been fol-

lowed in other subsequent opinions of this court. *Berge* v. *Berge*, 366 Ill. 228; *Vock* v. *Vock*, 365 Ill. 432.

Counsel for the defendant have argued that because the contract in the case at bar does not expressly state that the wife does by her execution thereof release and forever discharge the husband from his liability to support and maintain her, it therefore constituted merely a property settlement contract between the parties and was therefore enforceable. We cannot agree with this contention because, from our review of the entire contract, it appears that it was the intention of the signers thereof that it should be a complete and final settlement between the husband and the wife of all of their rights, including not only their property rights but also the rights of the wife to support and maintenance from the husband. It is to be noted that the contract, in addition to providing for releasing any claims which either may have in the other's property owned at the time of the agreement or thereafter acquired, also contains the following provision "* * * the said Harriett Lagow does hereby release and forever discharge the said Earle Lagow from any further demands or claims of any kind whatsoever and releases and hereby relinquishes all her rights in the property of the said Earle Lagow, real and personal, including the right of dower, widow's award, in fact all interests rights and title to any and all estates of any kind or character, both real and personal, which the said Earle Lagow may now have or hereafter acquire." We believe from a thorough consideration of the agreement that the same cannot by any legal interpretation be limited only to a property settlement agreement. It is to be noted that by the terms thereof Harriett Lagow releases all rights, interests or claims "which she may now have against the said Earle Lagow or any interest she may hereafter acquire against him or may have present or prospective in his estates, real or personal, either as

heir, widow or otherwise." Certainly these words cannot be said to apply only to property interests since the words by which she releases him from any claims which she may now have against him would then be mere surplusage and unnecessary. Certainly a release by a wife of all claims which she then had against her husband, such release being made at the time of a separation, must be construed to be a release of her rights to support and maintenance.

The provisions of this contract with reference to the wife's release of her husband of any claims which she might have against him are so integrated with the other provisions providing for the release of her property rights that we cannot say that the contract should be upheld as to the property rights but should be declared invalid solely as to the husband's duty to support and maintain the wife. It is so clear to this court that the consideration for the agreement and the facts surrounding its execution were such that the entire contract must fall as being void and against public policy.

Counsel for the plaintiff have argued that the contract became inoperative by reason of the subsequently executed contract between the parties which has disappeared, and for the further reason that the parties resumed their marital relation after the execution of the contract involved in this proceeding. In the view which we take of the contract of December 8, 1913, it is unnecessary to pass upon those questions in this opinion for we believe that the contract was contrary to the public policy of this State and is therefore void and ineffective to preclude the plaintiff from asserting her claims to her husband's property.

For the reasons stated in this opinion, the decree of the circuit court of Lawrence County is affirmed.

*Decree affirmed.*